**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **VERNA IP HOLDINGS, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 6:22-cv-00387-ADA** |
| **v.** | ) | |
| | ) | |
| **ALERT MEDIA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S REPLY TO ALERT MEDIA, INC.'S OPPOSITION TO**
**PLAINTIFF'S MOTION TO DISMISS**

### I.   BACKGROUND

Defendant Alert Media, Inc. ("Alert Media" or "Defendant") agrees with Plaintiff Verna IP Holdings, LLC ("Verna" or "Plaintiff") that this case should be dismissed. However, Alert Media seeks dismissal with prejudice.

### II.  LEGAL STANDARD

Rule 41(a)(2) of the Federal Rules of Civil Procedure precludes a plaintiff from dismissing a lawsuit without the court's permission if either an answer or a motion for summary judgment has been served on the plaintiff and the defendant does not consent to dismissal.[1] A district court's decision to dismiss a lawsuit under Rule 41(a)(2) is reviewed for abuse of discretion.[2] Dismissal without prejudice will generally be affirmed "unless the defendant will suffer some plain legal

---

[1] FED.R.CIV.P. 41(a).0
[2] *Ikospentakis v. Thalassic Steamship Agency*, 915 F.2d 176, 177 (5th Cir. 1990).

prejudice other than the mere prospect of a second lawsuit."[3] A defendant may be substantially prejudiced by dismissal of a lawsuit if dismissal "effectively strips him of a defense that would otherwise be available. That [the] plaintiff may obtain some tactical advantage over the defendant in future litigation is not ordinarily a bar to dismissal."[4] See *Hyde v. Hoffmann-La,* 511 F.3d 506 (5th Cir. 2007).

The court in exceptional cases may award reasonable attorney fees to the prevailing party. 35 U.S.C. § 285. The determination of whether a case is exceptional under § 285 is a matter of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc*., 134 S. Ct 1744, 1748. An exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 134 S. Ct. 1749, 1756 (2014).

### III. ARGUMENT

Alert Media argues that dismissal without prejudice would leave the possibility of Verna later bringing the same claims against Alert Media, at any time, leaving a cloud of uncertainty over the accused products for many years while the patent remains in force. Doc. 16, page 2. However, as articulated in *Hyde*, the mere prospect of a second lawsuit is not a sufficient legal prejudice to justify dismissal with prejudice. [5]

Alert Media further also argues that dismissal with prejudice is the only proper disposition because Alert media has pleaded counterclaims for declaratory relief on non-infringement and

---

[3] *Id.*
[4] *Id.* at 177-78.
[5] *Id.*

invalidity. Doc. 16, page 2. Although a defendant may be substantially prejudiced by dismissal of a lawsuit if dismissal effectively strips him of a defense that would otherwise be available,[6] in this case, there would be nothing barring Alert Media from pursuing the same counterclaims if a second lawsuit is later initiated.

Alert Media is mistaken when it argues that Verna is merely seeking dismissal to avoid a decision on the merits in favor of Alert Media.[7]  Such an allegation is premature. There are presently not enough facts to support an imminent adverse judgement against Verna, or that Alert Media would have even prevailed.

Alert Media further argues that it would unfairly be deprived of its rights as a "prevailing party" to seek fees if this case is dismissed without prejudice. Doc. 16, page 4. However, there is presently nothing exceptional about this case that would allow Alert Media to recover fees even if it could have prevailed. This case does not stand out from others with respect to the substantive strength of Alert Media's position or in the manner in which the case has been litigated.

---

[6] *Id.*
[7] Doc. 16, page 4.

## IV.    CONCLUSION

For the foregoing reasons, Verna respectfully requests dismissal of Plaintiff's claims for relief that were or could have been asserted against Alert Media, Inc. in regard to U.S. Pat. No. 10,282,960, without prejudice and that each party shall bear its own costs, expenses, and attorneys' fees.

DATED:  June 14, 2022

Respectfully submitted,

**Ramey LLP**

/s/William P. Ramey, III
William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com
***Attorneys for mCom IP, LLC***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and LR5, I hereby certify that all counsel of record who have appeared in this case are being served on this day of  June 14, 2022, with a copy of the foregoing via email and ECF filing.

/s/William P. Ramey, III
William P. Ramey, III