IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **VERNA IP HOLDINGS, LLC,** § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> **ALERT MEDIA, INC.,** § <br> *Defendant.* § | Civil Action No. 6:22-cv-00387-ADA |

## SEALED ORDER

Before the Court is Defendant Alert Media, Inc.'s ("Alert Media") Motion for Exceptional Case (ECF No. 21), seeking an award of attorneys' fees pursuant to 35 U.S.C. § 285 in this case and in Case No. 6:21-cv-00422. Alert Media's motion for fees in the earlier-filed action is addressed in a separate order. *See Verna IP Holdings, LLC, v. Alert Media, Inc.*, No. 6:21-cv-00422 (W.D. Tex. Aug. 22, 2023), ECF No. 63. Having carefully considered the relevant facts, the briefing, and the applicable law, the Court **DENIES** Alert Media's motion.

### I.   FACTUAL BACKGROUND

This case is the second of three patent infringement suits, all involving patents from the same family, which Plaintiff Verna IP Holdings, LLC ("Verna") has filed against Alert Media in the Western District of Texas. *See generally* No. 6:21-cv-00422 (W.D. Tex. filed Apr. 27, 2021) ("the '938 Patent Suit"); No. 6:22-cv-00387 (W.D. Tex. filed Apr. 14, 2022); No. 6:23-cv-00373 (W.D. Tex. filed May 16, 2023).

On April 14, 2022, Verna filed its complaint in this action, alleging infringement of U.S. Patent No. 10,282,960 ("the '960 Patent"). ECF No. 1. The '960 Patent relates to "methods, systems and processor-readable media for providing instant/real-time [v]oice alerts automatically

1

to remote electronic devices." *Id.* ¶ 7. Verna asserted that Alert Media's "devices/products and systems" infringed one or more of claims 1–17 of the '960 Patent. *Id.* ¶ 8.

Alert Media subsequently informed Verna of its belief that these claims had no merit and produced supporting documents. ECF No. 21 at 5; *see also* ECF Nos. 16, 16-1–16-2 (Alert Media's Opp'n to Pl.'s Mot. to Dismiss). On May 10, 2022, Alert Media filed an answer and counterclaim (ECF No. 7) and a Rule 12(b)(6) motion to dismiss (ECF No. 6). In its Rule 12(b)(6) motion, Alert Media pointed out that Verna's complaint failed to identify any specific Alert Media product or service that allegedly infringed the '960 Patent. ECF No. 6 at 5. Alert Media also noted that Verna's claim chart utilized screenshots of distinct Alert Media services to allege that different claim limitations of exemplary Claim 1 were met. *Id.* at 6. Since Verna relied on "scattered excerpts of unrelated product offerings" to allege infringement of Claim 1, Alert Media argued, Verna's complaint failed to plausibly allege that any of Alert Media's products or services practiced each element of the asserted claims. *Id.* at 12.

On May 23, 2022, Verna communicated to Alert Media that it had analyzed Alert Media's statements and document production and would dismiss the case. ECF Nos. 16 at 1, 16-2 at 1. The next day, Verna filed an opposed motion requesting dismissal of its claims in this action with prejudice. ECF No. 13. Alert Media was not opposed to dismissal with prejudice. ECF No. 21 at 5. Thereafter, on June 1, 2022, Verna filed an amended opposed motion seeking dismissal of its claims without prejudice. ECF No. 15. Alert Media, which had pleaded counterclaims for declaratory relief of noninfringement and invalidity, responded and requested the Court to dismiss Verna's claims with prejudice. ECF No. 16 at 1–2.

Verna had similarly moved for dismissal of its infringement claims without prejudice in the '938 Patent Suit, requiring Alert Media to respond. *See* Mot. to Dismiss, No. 6:21-cv-00422

2

(W.D. Tex. May 11, 2022), ECF No. 45; Opp'n to Mot. to Dismiss, No. 6:21-cv-00422 (W.D. Tex. May 25, 2022), ECF No. 47. On February 8, 2023, the Court denied Verna's motion for dismissal in the '938 Patent Suit, holding that dismissal without prejudice was "not appropriate" because Alert Media had pleaded noninfringement counterclaims directly connected to Verna's infringement claims. Order Den. Opposed Mot. to Dismiss Without Prejudice, No. 6:21-cv-00422 (W.D. Tex. Feb. 8, 2023), ECF No. 49 at 2.

After the Court issued its order in the '938 Patent Suit, Verna agreed to dismissal of its claims in both cases with prejudice. *See* ECF No. 18 at 1. The Court dismissed this case on March 13, 2023. ECF No. 19. Alert Media subsequently filed its Motion for Exceptional Case, seeking an award of attorneys' fees both in this case and in the '938 Patent Suit (also dismissed on March 13, 2023). ECF No. 21. The Court now addresses Alert Media's request for fees expended in defending this suit.

## II.  LEGAL STANDARD

Under the Patent Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Supreme Court has held that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

"District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* In doing so, courts may consider a nonexclusive list of factors including "frivolousness, motivation, objective unreasonableness (both in the legal and factual components of the case) and the need in particular

3

circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) (addressing similar fee-shifting provision in the Copyright Act)). A case that presents "either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to be 'exceptional'" and justify an award of fees. *Id.* at 546. There is no requirement that a party's unreasonable conduct be independently sanctionable in order to be "exceptional." *Id.* at 555. Yet fee awards are not to be used "as a penalty for failure to win a patent infringement suit." *Id.* at 548–49 (citation omitted); *see also Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017). The purpose of fee awards under § 285 is rather to prevent a prevailing party from suffering a "gross injustice." *Checkpoint Sys., Inc.*, 858 F.3d at 1376 (citation omitted).

Section 285 requires that exceptionality be proven by a preponderance of the evidence. *Octane Fitness*, 572 U.S. at 557 (rejecting prior requirement that patent litigants establish entitlement to fees under § 285 by clear and convincing evidence).

### III. DISCUSSION

Considering the totality of the circumstances, the Court declines to grant Alert Media's motion and award attorneys' fees under 35 U.S.C. § 285 in this matter.

#### A. Motion for Fees

To receive attorneys' fees under § 285, Alert Media must be a prevailing party and the case must be exceptional. It is undisputed that Alert Media is a prevailing party. After the Court denied Verna's motion for dismissal without prejudice in the '938 Patent Suit, Verna agreed to dismissal of its infringement claims in this suit and the '938 Patent Suit with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). *See* ECF No. 18 at 1. The Federal Circuit has held that the dismissal of a claim with prejudice is considered a judgment on the merits. *See, e.g.*, *Power Mosfet*

*Techs., LLC v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir. 2004) (citation omitted). This remains true for voluntary dismissals with prejudice under Rule 41(a)(2), which "[have] the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties," permitting district courts to properly entertain § 285 fee claims. *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1307 (Fed. Cir. 2018) (citing *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006). Therefore, any award of attorneys' fees hinges on whether this case is exceptional.

Alert Media alleges in its Motion for Exceptional Case that both this suit and the '938 Patent Suit were frivolous in nature and that Verna's apparent goal in filing was "bad faith litigation to extract a nuisance settlement." ECF No. 21 at 1. Alert Media asserts that the '938 Patent Suit is exceptional according to both *Octane Fitness* definitions, *id*. at 12, but focuses on the alleged unreasonableness of Verna's litigation conduct when addressing this case. *See id.* at 16–17. Alert Media notes that Verna filed this case just prior to agreeing to dismiss the '938 Patent Suit. *Id.* at 16. According to Alert Media, this demonstrates that Verna—having acknowledged post-*Markman* order that the '938 Patent Suit lacked merit—filed this case in order to maintain settlement pressure on Alert Media. *See id*. Alert Media points to Verna's "repeated pattern of filing patent infringement actions for the sole purposed [sic] of forcing settlement," including the assertion of the '938 and '960 Patents against three other defendants in swiftly terminated lawsuits, to further support its claim that this case should be deemed exceptional. *Id.*

Verna's response, like Alert Media's Motion, primarily focuses on its infringement contentions and conduct in the '938 Patent Suit. *See* ECF No. 24 at 8–9. As to Alert Media's allegations that this case was litigated unreasonably, Verna counters that it litigated in a "timely

and reasonable matter [sic]," as it promptly moved to dismiss its infringement claims against Alert Media. ECF No. 24 at 9.

Verna also devotes a significant portion of its response to the parties' "global peace" negotiations, contending that attorneys' fees are unwarranted because Verna made a good-faith effort to resolve this suit, the '938 Patent Suit, and "all future cases" against Alert Media. ECF No. 24 at 9–10. Verna alleges that Alert Media acted in bad faith during these negotiations. *Id*. at 10. Specifically, Verna claims that in March 2023, it offered "global peace" on its patent portfolio in exchange for Alert Media waiving any claims for attorneys' fees. *Id.* at 6. Alert Media allegedly agreed to draft a "Peace Agreement," did not forward the draft for two weeks, and then demanded that Verna review and sign the document within the two remaining days before the deadline to file a motion for fees. *Id.* at 6–7. Verna suggests that Alert Media should have requested an extension of time to file its Motion for Exceptional Case, or withdrawn the Motion after Verna (untimely) returned the Peace Agreement. *Id.* at 7, 10. Alert Media replies that the parties' peace negotiations are irrelevant. ECF No. 28 at 3, 5.

The Court agrees with Alert Media that the parties' peace discussions have no bearing on this case's potential exceptionality. Alert Media never signed and never effectuated the Peace Agreement draft. *Id.* at 5. The parties thus have no agreement that Alert Media may not pursue an award of reasonable attorneys' fees. *Id*. Verna's suggestion that the parties' conduct during negotiations should impact the Court's decision to award fees lacks merit. Firstly, there is no evidence that Alert Media participated in discussions with Verna in bad faith. Verna's own evidence (ECF No. 24-2 at 5–7) supports Alert Media's contentions that when Verna offered global peace, it provided no details or specific terms regarding the agreement, failed to follow up, and failed to respond to Alert Media's agreement draft sent Wednesday, March 22, 2023 until

6

Tuesday, March 28, 2023, after Alert Media filed its Motion for Exceptional Case by the deadline of the previous day. *See also* ECF No. 28 at 3–4, 28-2 at 2–4. More importantly, any good-faith negotiation attempts by Verna in March 2023 cannot cancel out the earlier conduct of which Alert Media complains. The Court thus turns to consideration of Verna's litigation conduct in this case.

      Verna filed this case on April 14, 2022, and after reviewing Alert Media's document production and Rule 12(b)(6) motion, moved to dismiss the case on May 24, 2022. *See* ECF No. 24 at 4. The Court does not find that this specific course of action, taken within this time frame, is on its own sufficiently "rare" or "uncommon" in patent litigation as to make this case "stand[] out from others." *See Octane Fitness*, 572 U.S. at 545 (explaining that "exceptional" is properly construed in accordance with its ordinary meaning of "uncommon," "rare," or "not ordinary"). The Court views Verna's conduct in pursuing dismissal with more concern. Verna informed Alert Media that it would dismiss this case with prejudice, filed an (unnecessarily) opposed motion for dismissal with prejudice, and then amended its motion to request dismissal without prejudice. *See* ECF Nos. 16-2 at 1, 21 at 5. Alert Media, having pleaded connected counterclaims, was forced to expend resources in opposing Verna's amended dismissal. ECF No. 21 at 5. The Court considers this conduct to weigh in favor of a finding of exceptionality from June 1, 2022, the date on which Verna amended its motion.

      Upon examining this case in context of the greater pattern of Verna's litigation conduct, the Court does not find a need to "advance considerations of deterrence." *See Octane Fitness*, 572 U.S. at 554 n.6. As Alert Media points out, Verna has asserted the '960 and '938 Patents against other defendants. ECF No. 21 at 16. Alert Media also notes correctly that the Federal Circuit has held that "a pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements" is relevant to courts' § 285 analysis. *See SFA*

*Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015). But in *SFA Systems*, the Federal Circuit held that the Eastern District of Texas did not abuse its discretion in finding that the defendant's evidence was insufficient to show that the plaintiff had litigated in an unreasonable manner. *Id.* at 1351. That evidence included proof that the plaintiff sued "many defendants" for infringement of the same patents and "frequently settled . . . for relatively small amounts." *Id.* Although Alert Media references different district courts' findings of exceptionality based partially upon the plaintiffs' exploitative filing histories, ECF No. 21 at 16–17, these cases each involved far more pronounced and well-established patterns of serial litigation than what is apparent here. *See Shipping & Transit, LLC v. Hall Enters., Inc.*, No. 2:16-cv-06535, 2017 WL 3485782, at *1 (C.D. Cal. July 5, 2017) (explaining that plaintiff had sued hundreds of companies and filed over 100 patent lawsuits in 2016 alone); *eDekka LLC v. 3balls.com, Inc.*, No. 2:15-CV-541, 2015 WL 9225038, at *4 (E.D. Tex. Dec. 17, 2015) (observing that plaintiff's litigation history in the Eastern District of Texas involved "strikingly similar lawsuits" against over 200 defendants). To date, Verna has filed eight lawsuits in total, beginning with the '938 Patent Suit in 2021.[1] And beyond stating that several of these lawsuits were quickly terminated (today, seven of eight have been terminated), Alert Media offers no evidence that Verna has sought nuisance value settlements. *Cf. eDekka LLC*, 2015 WL 9225038, at *4 (noting proof that plaintiffs' counsel contacted numerous defendants with offers to settle for $3,000). The Court thus declines to find that Verna's patent

---

[1] *Verna IP Holdings, LLC v. Alert Media, Inc.*, No. 6:21-cv-00422 (W.D. Tex. filed Apr. 27, 2021); *Verna IP Holdings, LLC v. Eaton Corp.*, No. 6:21-cv-00849 (W.D. Tex. filed Aug. 13, 2021); *Verna IP Holdings, LLC v. BlackBerry Corp.*, No. 6:21-cv-01037 (W.D. Tex. filed Oct. 5, 2021); *Verna IP Holdings, LLC v. Everbridge, Inc.*, No. 3:22-cv-00018 (E.D. Va. filed Jan. 10, 2022) (originally filed in a different division as No. 1:22-cv-00027); *Verna IP Holdings, LLC v. Alert Media, Inc.*, No. 6:22-cv-00387 (W.D. Tex. filed Apr. 14, 2022); *Verna IP Holdings, LLC v. Motorola Sols., Inc.*, No. 6:23-cv-00129 (W.D. Tex. filed Feb. 17, 2023); *Verna IP Holdings, LLC v. CivicPlus, LLC*, No. 6:23-cv-00142 (W.D. Tex. filed Feb. 22, 2023); *Verna IP Holdings, LLC v. Alert Media, Inc.*, No. 6:23-cv-00373 (W.D. Tex. filed May 16, 2023).

assertion history weighs in favor of finding this case exceptional in whole. The Federal Circuit has explained that there is a "presumption that an assertion of infringement of a duly granted patent is made in good faith." *Checkpoint Sys., Inc.*, 858 F.3d at 1376 (citation omitted). The Court does not find that Alert Media has adduced sufficient evidence to overcome this presumption and prove that Verna brought this case in subjective bad faith. *See Octane Fitness*, 545 U.S. at 555.

Alert Media's Motion for Exceptional Case, as indicated above, focuses on Verna's litigation conduct when discussing this case. ECF No. 21 at 16–17. As to the substantive strength of Verna's litigating position, Alert Media points to "deficiencies . . . and additional issues identified in Alert Media's Motion to Dismiss." *Id.* at 4–5. Alert Media's Rule 12(b)(6) motion argues that Verna failed to provide "fair notice" of specific accused products and failed to plausibly allege that any of the accused products meet the asserted claims' limitations. ECF No. 6 at 1, 5. There is no prior comment from the Court that bears on the overall substantive weakness of this action, as the Court never ruled on this motion. The Court agrees that Verna's litigating position appears weak but declines to label it so uncommonly meritless as to be exceptional. *See Octane Fitness*, 572 U.S. at 545. The Court notes that failure to identify any accused products does not necessarily warrant a finding of exceptionality. *See, e.g.*, *Stragent LLC v. BMW of N. Am.*, No. 6:16-CV-446, 2020 WL 10759465, at *3–4 (E.D. Tex. May 14, 2020) (declining to find that plaintiff's failure to identify any accused products, suppliers, or systems supported contention that plaintiff's infringement contentions were substantively weak).

In sum, the Court finds that Verna's litigation conduct with respect to dismissal of this case warrants a finding of exceptionality beginning on June 1, 2022.

**B. Award of Attorneys' Fees**

Courts have discretion to determine the amount of an award of attorneys' fees. *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1068 (Fed. Cir. 1983). "In determining the reasonableness of the award, there must be some evidence to support the reasonableness of, *inter alia*, the billing rate charged and the number of hours expended." *Id*.

After considering the totality of the circumstances, the Court declines to award attorneys' fees in this case. *See* 35 U.S.C. § 285 ("[t]he court in exceptional cases *may* award reasonable attorney fees . . . ") (emphasis added). The Court has determined that this case is exceptional as of June 1, 2022, when Verna filed its amended motion for dismissal without prejudice. ▌

▌. ECF Nos. 21-13 at 16–24, 28-4 at 6. The Court believes that its award of fees in the amount of $48,076.50 to Alert Media in the '938 Patent Suit for reasons encompassing similar conduct by Verna, *see* Order, No. 6:21-cv-00422 (W.D. Tex. Aug. 22, 2023), ECF No. 63, is sufficient both to discourage such conduct in future and to prevent Alert Media from suffering a "gross injustice" in connection with these cases. *See Checkpoint Sys., Inc.*, 858 F.3d at 1376 (citation omitted). Consequently, the Court will not award fees in the portion of this action deemed exceptional.

## IV. CONCLUSION

For the reasons set forth herein, the Court **DENIES** Alert Media's motion for attorneys' fees pursuant to 35 U.S.C. § 285.

**IT IS SO ORDERED** this 22nd day of August, 2023.

*/s/ Alan D Albright*
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE